1  **MATTHEW RIGHETTI, ESQ.**     **{121012}**
**JOHN GLUGOSKI, ESQ.**     **{191551}**
2  **RIGHETTI · GLUGOSKI, P.C.**
3  456 Montgomery Street, Suite 1400
San Francisco, CA  94104
4  Telephone:     (415) 983-0900
Facsimile:     (415) 397-9005
5
6  Attorneys for Plaintiffs

7              **UNITED STATES DISTRICT COURT FOR THE**

8                **CENTRAL DISTRICT OF CALIFORNIA**

9

10  JAIME TORRES, ATA ROUHI and ,          **NO. 2:17-cv-09305-DMG-RAOx**
11  ELIZABETH ROMERO, individual(s)
and on behalf of all others similarly situated,
12                                          CLASS ACTION
13          Plaintiffs,
                                           **FIRST AMENDED COMPLAINT**
14  vs.
                                           1.  **Violation of Labor Code- Failure to Pay**
15                                              **Wages**
                                           2.  **Failure to Provide Meal and Rest Breaks**
16  WELLS FARGO BANK,                      3.  **Failure to Provide Accurate Wage**
17  And DOES 1 through 50 inclusive            **Statements**
                                           4.  **Failure to Make Payments Within**
18          Defendants.                        **the Required Time**
19                                          5.  **Violation of B & P § 17200, et seq;**

20

21  _____/

22

23

24

25

26

27

28

- 1 -

**FIRST AMENDED COMPLAINT**

## FIRST CAUSE OF ACTION

COMES NOW, Plaintiffs, Jaime Torres, Ata Rouhi and Elizabeth Romero (hereinafter "Plaintiffs") an individual over the age of eighteen (18), and brings this challenge to Defendants' lucrative, repressive and unlawful business practices on behalf of himself and a class of all others similarly situated and for a Cause of Action against Defendants, WELLS FARGO BANK and DOES 1-50, inclusive, (hereinafter Defendants) and each of them, alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

**1.**

This class action is brought pursuant to §382 of the California Code of Civil Procedure.  The claims of individual class members, including Plaintiffs, are under the $75,000 jurisdictional threshold for federal court.  For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more.  In addition, there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

**2.**

Plaintiffs were employed in California as a Branch Manager and have worked for Defendants within four years prior to the filing of this Complaint.  The statute of limitations was tolled for Plaintiffs and the proposed class with the filing of the *Raymond Ray v. Wells Fargo Bank*, Case No. BC452740 on January 7, 2011 and continued to be tolled during the Wells Fargo Bank Managers Wage And Hour Cases JCCP No. 4723 pending in the Sacramento Superior Court Thus the period

**FIRST AMENDED COMPLAINT**

covered by this lawsuit is four years from the filing of the Ray action (i..e, January 7, 2007 to the present).

**3.**

Plaintiffs brings this action against Defendants for engaging in a uniform policy and systematic scheme of wage abuse against their salary paid employees in California. This scheme involved, inter alia, misclassifying the Branch Managers as "exempt" managerial/executive employees for purposes of the payment of overtime compensation when, in fact, they were "non-exempt" non-managerial employees according to California law.  Further, Defendants denied the Branch Managers mandated meal and rest breaks under California law. As a result of Defendant's systematic and clandestine scheme the salaried branch managers throughout California were not paid all wages owed and were deprived of mandated meal periods and rest breaks. Accordingly, Defendants have violated California common and statutory laws as described more particularly below.

**4.**

Plaintiffs is informed and believes and, on that basis, alleges that at all times herein relevant, Defendants were/are corporations and/or other forms of business entity, duly licensed, located and doing business in, but not limited to, the County of Los Angeles in the State of California.

**5.**

Labor Code 558.1 states: (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation; (b) For purposes of this section, the term other person acting on behalf of an employer is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term managing agent has the same meaning as in subdivision (b) of Section 3294 of the

**FIRST AMENDED COMPLAINT**

Civil Code.

**6.**

At all relevant times, Defendants are/were officers, corporate agents, employees, executives, directors, managing agents, and/or owners of Defendant WELLS FARGO. Among other things, they personally and specifically established and/or enforced the employee and other policies for WELLS FARGO and otherwise acting on behalf of WELLS FARGO caused and continue to cause the wage and hourly violations and other wrongs alleged herein.

**7.**

Plaintiffs are informed and believes and, on that basis, alleges that Defendants directly or indirectly employ and, during all times relevant, have employed, acted on behalf of, and/or exercised control over the wages, hours and working conditions of Plaintiffs and Class Members in various California counties, including, but not limited to, the County of Los Angeles.

**8.**

Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believes and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**9.**

Plaintiffs are informed and believed and, on that basis, alleged that, at all relevant times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

**10.**

**FIRST AMENDED COMPLAINT**

Defendants own/owned and operate/operated an industry, business and establishment within the State of California, including Los Angeles County, for the purpose of operating consumer/business banking branches, including making and collecting on loans to customers under the name of WELLS FARGO BANK.  As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission.   At least some of the acts complained of herein occurred in Los Angeles County as Defendants do business in the Los Angeles County area.  Plaintiffs is informed and believes and thereon alleges that at all times herein mentioned Defendants are and were corporations licensed to do business and actually doing business in the State of California.

**11.**

At all times herein mentioned Plaintiffs and the class identified herein worked for Defendants as Branch Managers at WELLS FARGO BANK. During their employment with Defendants, Plaintiffs spent over fifty percent (50%) of their working hours performing the duties of non-exempt employees. These duties they performed included, but were not limited to: providing customer service, teller functions, taking new applications for solutions, selling and opening new accounts and credit cards, calling customers to sell new products, open new accounts and credit cards, greeting customers, handing out water, informing and selling insurance products to customers, making delinquency and overdraft calls and selling and closing loans, filling in for workers who are out due to illness or vacation; and covering breaks and lunches taken by hourly employees. These are duties they were expected to perform and thus these positions are not positions, which involve work

**FIRST AMENDED COMPLAINT**

falling within any exception to the above-referenced Labor Code sections, the Unfair Practices Act and/or California Industrial Welfare Commission orders applicable to Defendants' business.

### 12.

At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

### 13.

At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

### 14.

At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

### 15.

At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.  Further, at all times mentioned herein, the wage and hour related compensation policies of Defendants' branches in California are and were dictated

- 6 -

**FIRST AMENDED COMPLAINT**

by, controlled by, and ratified by the Defendants herein and each of them.

## **FACTUAL ALLEGATIONS**

### **16.**

Plaintiffs and all members of the class identified herein were regularly scheduled and required by Defendants as a matter of uniform company policy to work and in fact worked as Branch Managers in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Branch Managers, including Plaintiffs, spent more than fifty percent (50%) of their working hours performing non-managerial tasks like that of tellers as expected by Defendants. As a result, Plaintiffs and the other members of the class were improperly and illegally mis-classified by Defendants as "exempt" managerial employees when, in fact, they were "non-exempt" non-managerial employees according to California law. Plaintiffs and the other members of the class have the right to be compensated by Defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law. Furthermore, Defendants failed to provide the Plaintiffs and class members the required rest and meal periods during the relevant time period as required under the IWC Wage Orders and thus are entitled to any and all applicable penalties. Defendants understood that employees classified as non-exempt were subject to the meal and rest break requirements under California law. Defendants believed that since Plaintiff and the class of branch managers were classified by Defendants as exempt employees, they were exempt from the meal and rest break requirements and thus they did not provide 30 minutes of off-duty and uninterrupted meal period time nor authorize and/or permit 10 minutes of off-duty uninterrupted rest

**FIRST AMENDED COMPLAINT**

break time. Instead Plaintiff and the branch managers were required to remain on-duty at all times subject to interruption at any moment including during periods where they tried to eat food or take a break. Due to chronic understaffing, tight restrictions placed on labor by Defendants, and meeting Defendants' speed of service standards coupled with the requirement that Plaintiff and the class remain on-duty and/or call during their entire shifts, Plaintiffs and the class were not provided with off-duty uninterrupted, thirty (30) minute meal period, when working shifts in excess of five (5) hours in duration nor 10 minutes of off-duty uninterrupted rest break time for every four hours worked.

**17.**

This complaint is brought by Plaintiffs pursuant to California Code of Civil Procedure section 382 on behalf of a class. All claims alleged herein arise under California law for which Plaintiffs seeks relief authorized under California law. The class is comprised of, and defined as:

> All California based Branch Managers who worked at any time during the four years preceding the filing of the Raymond Ray v. Wells Fargo on January 7, 2011 up until the date of class certification

Plaintiffs excludes from the class definition the following branch managers' claim during the period and type of branch listed below which were resolved as part of the Class Action Settlement in the Wells Fargo Bank Manager Wage and Hour Cases JCCP No. 4723.

- **Level 1 bank branch manager**
  All persons employed by Defendant in the State of California as bank branch Store Managers who worked in a Level 1 Wells Fargo Store at any time between January 7, 2007 through January 12, 2017.

  **Level 2 bank branch manager**
  All persons employed by Defendant in the State of California as bank branch Store

**FIRST AMENDED COMPLAINT**

Managers who worked in a Level 2 Wells Fargo Store at any time between January 7, 2007 through November 1, 2013.)

The members of the class are so numerous that joinder of all members would be impractical, if not impossible.  The members of the class are readily ascertainable by a review of Defendants' records. Further, the subject matter of this action both as to factual matters and as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

a.     Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day.  Plaintiffs is informed and believes and based thereon alleges that all class members failed to meet the exemption requirements of California law. Thus, Plaintiffs and the class members were not exempt from the overtime requirements of California law for that reason;

b.     Defendants uniformly administered a corporate policy concerning both staffing levels at their branches and duties and responsibilities of the class members, which brought them outside of any of the applicable exemption for overtime under California law.

c.     The duties and responsibilities of the Branch Managers at the Defendants' branch locations were virtually identical from region to region, district to district, employee to employee. Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit: whether the factors for overtime exemption were met. Further, these employees did not regularly exercise discretion and independent judgment; these employees' work routinely included work in

- 9 -

**FIRST AMENDED COMPLAINT**

excess of 40 hours per week and/or 8 hours per day and they were not, and have never been, paid overtime compensation for their work.  Furthermore, Defendants failed to provide Plaintiffs and class members the required "off duty" rest and meal periods during the relevant time period as required under the IWC Wage Orders and the California Labor code.

d.      All of Defendant's California based salaried Branch Managers are and were classified as "exempt" from California's overtime laws and were paid a set salary, irrespective of the hours they actually worked. Pursuant to Defendant's uniform policies, procedures and practices, all of its Branch Managers were expected and required to work more than (50) hours per week on average. Defendants placed tight restrictions BMs were disciplined when their branches exceeded the amount of labor allocated to their branches by Defendants.

e.      The amount of labor allocated by Defendant was insufficient to properly staff branches with hourly non-exempt employees.  As a result, in order to meet customer demands and comply with Defendants' uniform operating standards, Plaintiff and the other BMs were forced to work long hours spending most of their time performing the same tasks as their hourly subordinates.

f.      Defendants' uniform chain branch operations resulted in BMs not exercising independent judgment and discretion.

g.      Members of the class identified herein were discharged by Defendants or voluntarily quit, and did not have a written contract for employment.  The Defendants, in violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees.  The Defendants have willfully failed to pay the earned and unpaid wages of such

**FIRST AMENDED COMPLAINT**

individuals, including, but not limited to, regular time, overtime, and other wages earned and remaining uncompensated according to amendment, or proof.

h.      Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the salaried Branch Managers did not qualify as exempt employees and purposely elected not to pay them for their overtime labor nor allow them off-duty uninterrupted meal and rest breaks.

**18**.

As a pattern and practice, also in violation of the aforementioned labor laws and wage orders, Defendants did not maintain any records pertaining to when Branch Managers began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

**19**.

There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the absent class members concerning whether Defendants' regular business custom and practice of requiring substantial "overtime" work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code Sections 1194 and 500, et seq., the Unfair Practices Act and the applicable California Industrial Welfare Commission wage orders. Defendants' employment policies and practices wrongfully and illegally failed to compensate Branch Managers for substantial overtime compensation earned as required by California law. For instance, questions of fact and/or law common to the members of the aforesaid class -- which predominate

**FIRST AMENDED COMPLAINT**

over any questions which may affect only individual members -- are:

      i.    Whether Defendants' California based Branch Managers were classified as "exempt" in violation of California law;

      ii.    Whether Defendants uniformly failed to pay overtime wages to its Branch Managers by virtue of Defendants' unlawful class wide designation of such employees as "exempt" in violation of California law;

      iii.    Whether Plaintiffs and the class could waive the wage and hour laws designed for their benefit under California law and whether such waivers were voluntary, knowing and valid;

      iv.    Whether Defendants' conduct constituted an illegal, or unfair, business practice in violation of California law;

      v.    Whether Plaintiffs and the class are entitled to compensatory damages pursuant to the California Labor Code;

      vi.    Whether Plaintiffs and the class are entitled to injunctive relief, including restitution and/or disgorgement of profits pursuant to California law.

      vii.    What is the correct computation formula for the payment of overtime in California?

      viii.    What work is customarily and regularly accomplished by class members in Defendants' – and what category (exempt or non-exempt) does that work properly fall into?

      ix.    What are the realistic requirements of the Branch Manager positions?

      x.    What are the expectations of Defendants vis-à-vis the class members' job performance?

      xi.    Who has the burden of proof on the exemption issue?

- 12 -

**FIRST AMENDED COMPLAINT**

xii.    Can defendant rely on the "sole charge" or "primary duty" exemption standards applicable under federal law, or must Defendants comply with California's more strict quantitative exemption standards?

xiii.    Whether Defendants failed to provide Plaintiffs and class members rest and meal breaks in violation of California Labor Code and applicable IWC wage orders;

**20.**

The claims of Plaintiffs are typical of the claims of all members of the class.  Plaintiffs, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

**21.**

The California Labor Code, IWC Wage Orders and Cal. Business and Professions Code provisions upon which Plaintiffs asserts these claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiffs and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiffs with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of

- 13 -

**FIRST AMENDED COMPLAINT**

lawful claims by employees who would be disinclined to file an action against their former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

**22.**

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

**23.**

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by the Plaintiffs and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code Section 1194, et seq.

**24.**

**FIRST AMENDED COMPLAINT**

Proof of a common business practice or factual pattern, of which the named Plaintiffs' experiences are representative, will establish the right of each of the members of the Plaintiffs class to recovery on the causes of action alleged herein.

**25.**

The Plaintiffs class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by Defendants.  The Plaintiffs class is entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY WAGES
### (Violation of IWC Wage Order 7 and Labor Code §§ 510, 1194, 558 and 1198)

COMES NOW, Plaintiff, individually and on behalf of both the class and as a, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**26**.

Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

**27**.

Plaintiffs and all members of the class identified herein were regularly scheduled and required by Defendants as a matter of uniform company policy to work and in fact worked as Branch Managers in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare

Commission wage order(s).  Branch Managers, including Plaintiffs, spent more than fifty percent (50%) of their working hours performing non-managerial tasks like that of tellers as expected by Defendants. As a result, Plaintiffs and the other members of the class were improperly and illegally mis-classified by Defendants as "exempt" managerial employees when, in fact, they were "non-exempt" non-managerial employees according to California law.

**28**.

During the Class Period, Defendants refused to compensate Plaintiff and Class Members for all hours worked and for all minimum and overtime wages earned at the appropriate pay rates, reflecting all applicable forms of remuneration, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

**29**.

Moreover, during said time period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Defendants, including Plaintiff, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so.

**30**.

At all relevant times, Defendant was aware of, and was under a duty to comply with, the provisions of the California Labor Code including, but not limited to, California Labor Code §§ 226.2, 510, 1194, and 1198.

**31.**

California Labor Code § 510(a), in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the

- 16 -

**FIRST AMENDED COMPLAINT**

regular rate of pay for an employee . . . .

**32.**

California Labor Code § 1194(a), in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

**33.**

California Labor Code § 1198, in pertinent part, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

**34**.

The "regular rate of pay" as set forth in California Labor Code § 510(a) includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

**35.**

By misclassifying Plaintiff and the class and thus refusing to compensate Plaintiff and Class Members for hours worked and wages earned at the appropriate rate, Defendant violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order.

**36**.

As a direct and proximate result of Defendants unlawful conduct, as set forth herein, the Plaintiffs and the Plaintiffs' Class have sustained damages, including loss of earnings for hours worked and overtime worked on behalf of Defendants, in an amount to be established at trial, and

- 17 -

**FIRST AMENDED COMPLAINT**

are entitled to recover attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS
(California Labor Code §§ 226.7 and 512)

COMES NOW, Plaintiff, individually and on behalf of both the class and as a, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**37**.

Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

**38**.

At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code § 226.7 and § 512.

**39.**

California Labor Code § 226.7 provides:

(a) As used in this section, "recovery period" means a cooldown period afforded an employee to prevent heat illness.

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

**40.**

Moreover, California Labor Code § 512(a) provides:

- 18 -

**FIRST AMENDED COMPLAINT**

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

**41.**

Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt employees.  Plaintiff and the class were misclassified as exempt employees when in fact they were non-exempt employees entitled to meal and rest periods. Defendant through the misclassification of Plaintiff and the employees determined that the Plaintiff and the class were not entitled to meal breaks and thus unlike employees classified as non-exempt they were not provided meal periods and authorized and or permitted rest breaks that non-exempt employees would otherwise be entitled to under the law.

**42.**

Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the

- 19 -

**FIRST AMENDED COMPLAINT**

meal period is not provided.

**43.**

Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

**44.**

By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Plaintiffs and the Class Members – and failing to pay one hour of pay in such instances -- Defendants violated the California Labor Code and applicable IWC Wage Order provisions.

**45.**

Plaintiffs are informed and believe and, on that basis, allege that Defendants did not pay the one hour of compensation owed to Plaintiffs and Class Members as a result of Defendant's violations of the California Labor Code and applicable IWC Wage Order provisions.

**46.**

As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.  Plaintiff and Class Members were also not authorized and/or permitted to rest breaks thereby depriving them of ten (10) minutes of pay for each such rest break.

**FIRST AMENDED COMPLAINT**

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**

COMES NOW, Plaintiff, individually and on behalf of both the class and as a, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**47.**

Plaintiff incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

**48**.

California Labor Code § 226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

**49.**

Moreover, California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)
is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

**50**.

Finally, California Labor Code § 1174(d) provides:

**FIRST AMENDED COMPLAINT**

> Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

**51.**

Wage statement requirements are also specified in Labor Code §§ 226.2 and 245, *et seq.*

**52**.

Plaintiffs seek to recover actual damages, costs, and attorneys' fees under these provisions on behalf of themselves and on behalf of all Class Members.

**53.**

Defendants have failed to provide timely, accurate itemized wage statements to the Plaintiffs and Class Members in accordance with the aforementioned California Labor Code requirements. Plaintiffs are informed and believe and, on that basis, allege that the statements provided by Defendants do not accurately reflect the information required by statute.

**54.**

As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**FOURTH CAUSE OF ACTION**

**(Failure to Make Payment Within the Required Time: California**

**Labor Code Sections 201, 202, 203, 226)**

COMES NOW, Plaintiffs, individually and on behalf of both the class and as a, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**55.**

**FIRST AMENDED COMPLAINT**

Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**56.**

California Labor Code Section 201 provides in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

**57.**

California Labor Code Section 202 provides in relevant part, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

**58.**

As alleged herein, Defendants failed to pay earned wages to Plaintiffs and the Class who are former employees of Defendants at the time they became due and payable. Thus, Defendants violated Cal. Labor Code Sections 201 and 202.  Accordingly, Plaintiffs seek recovery of waiting time penalties as provided under Labor Code Section 203.

## <u>FIFTH CAUSE OF ACTION</u>

**(Unfair and Fraudulent Business Acts and Practices in Violation of California Business and Professions Code Section 17200 *et. seq.*)**

COMES NOW, Plaintiffs, individually and on behalf of both the class and as a, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**59**.

- 23 -

**FIRST AMENDED COMPLAINT**

Plaintiffs herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for relief regarding Defendants' violations of Business and Professions Code 17200 et seq. (Unfair Practices Act).

**60.**

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding and subsequent paragraphs, to wit, by requiring their Branch Managers to perform the labor services complained of herein without overtime compensation, failing to provide accurate wage statements, failing to pay wages due upon termination and failing to provide, authorize, and/or permit meal and rest periods as required by the California Labor Code.  Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.  Plaintiffs – and members of the class – seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.  Plaintiffs seek, on their own behalf and on behalf of the class, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

By these actions, Defendants violated Cal. Lab. Code §226.7(a) and as a result, such violations constitutes an unfair business practice.

**61.**

Plaintiffs, and all persons similarly situated, are further entitled to and do seek a both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and

**FIRST AMENDED COMPLAINT**

injunctive relief restraining Defendants from engaging in any of such business practices in the future.  Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC Wage Orders, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiffs has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

WHEREFORE, Plaintiffs on his own behalf and on behalf of the members of the class prays for judgment as follows:

1.      Determining that this action may proceed and be maintained as a class action;

2.      For the First Cause of Action:

a.   A declaratory judgment that Defendants have violated Labor Code Sections 1194, 1194.2 and 1197;

b.   An award to Plaintiffs and the Classes of damages for the balance of unpaid compensation, including interest thereon, and penalties subject to proof;

c.   An award to Plaintiffs and the Classes of reasonable attorneys' fees and costs pursuant to Labor Code Section 1194;

d.   Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code; and

- 25 -

**FIRST AMENDED COMPLAINT**

3.       For the Second Cause of Action:

        a.  A declaratory judgment that Defendants have violated Labor Code Sections 226.7, 512, and the applicable IWC Wage Order;

        b.  Pursuant to Labor Code Section 226.7, an award to Plaintiffs and the Class of an additional hour of pay at the rate of the employee's regular rate of compensate for each work day that a meal break was not provided;

        c.  Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code;

        d.  An award to Plaintiffs and the Class members of reasonable attorneys' fees and costs pursuant to Labor Code Section 218.5;

4.       For the Third Cause of Action:

        a.  A declaratory judgment that Defendants have violated Labor Code 226;

        b.  An award to Plaintiffs and the Class of damages as set forth in Lab. Code Section 226(e)(1); and

        c.  An award to Plaintiff and the Class of actual damages as well as an award of costs and reasonable attorneys' fees.

5.       For the Fourth Cause of Action:

        a. A declaratory judgment that Defendants have violated Labor Code Sections 201 and 202;

        b. An award to Plaintiffs and the Classes who are former employees of continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced; but for no more than 30 days;

- 26 -

c.      Pursuant to Labor Code Section 226, an award to Plaintiffs and the Class of actual damages as well as an award of costs and reasonable attorneys' fee; and

6.   For the Fifth Cause of Action:

a.      Ordering Defendants, their agents, servants and employees, and all persons acting, directly or indirectly, in concert with them, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under Section 17200 *et. seq.* of the Business and Professions Code, and specifically including Plaintiffs and the putative class members' claims for meal and rest period violations;

b.      For injunctive relief pursuant to Business and Professions Code Section 17203, consisting of *inter alia*: (1) a declaration that Defendants have engaged in unlawful and unfair and fraudulent business acts and practices in violation of California Business and Professions Code Section 17200 *et. seq.*; (2) a preliminary and/or permanent injunction enjoining Defendants and their respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendants from continuing such acts of unfair and illegal business acts and practices; and

c.      Restitution, including, but not limited to, the relief permitted by the California IWC Order Nos. 7-1997 through 7-2001 *et. seq.*

- 27 -

**FIRST AMENDED COMPLAINT**

7.  Awarding Plaintiffs and the Class their attorneys' fees and costs of suit to the extent permitted by law; and

8.  All other relief as this Court may deem proper.

DATED:       May 8, 2018                          **RIGHETTI · GLUGOSKI, P.C.**

**John Glugoski**
Counsel for Plaintiffs
and the Class

- 28 -

**FIRST AMENDED COMPLAINT**