UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-9305-DMG (RAOx)** | Date | August 28, 2018 |
| Title | *Jaime Torres, et al. v. Wells Fargo Bank, et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT WELLS FARGO'S MOTION TO STRIKE CERTAIN CLASS ALLEGATIONS [27]**

Now before the Court is Defendant Wells Fargo Bank's ("Wells Fargo") motion to strike ("MTS") certain class allegations under *China Agritech v. Resh*, 138 S. Ct. 1800 (2018), and pursuant to Federal Rule of Civil Procedure 23(d). [Doc. # 27.] For the reasons discussed below, the Court **GRANTS** the motion.

## I.
## PROCEDURAL BACKGROUND

Plaintiffs filed this class action in Los Angeles County Superior Court on October 25, 2017. [Doc. # 1-1.] It alleges violations of California wage and hour laws related to Plaintiffs' employment as branch managers for Wells Fargo. *Id.* The Complaint seeks to toll the statute of limitations due to previously filed class actions such that this lawsuit covers the time period from January 7, 2007 to the present. *Id.*

Defendants removed the action to federal court on December 29, 2017. [Doc. # 1.] On May 10, 2018, Plaintiffs filed the operative First Amended Complaint ("FAC"), which seeks to cover the same period. [Doc. # 23.] Several previous class actions and their resolutions or rulings are relevant here.[1]

On January 7, 2011, Plaintiffs' counsel filed *Ray v. Wells Fargo Bank* in Los Angeles County Superior Court. Ex. A to Def's RJN ("*Ray* Action") [Doc. #27-1]. The *Ray* Action was a putative class action alleging similar claims as here. The case was later removed to this District and assigned case number CV 11-1477-AHM (JCx). On March 15, 2012, the *Ray* Court granted

---

[1] The Court **GRANTS** Plaintiffs' request for judicial notice ("RJN") as to Exhibits 1 and 2, and Defendant's RJN as to Exhibits A, D, E, and F. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court filings are proper subjects of judicial notice). The Court **DENIES as moot** both sides' RJNs as to the remaining exhibits because the Court did not rely on those exhibits in rendering this decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-9305-DMG (RAOx)** | Date | August 28, 2018 |
| Title | ***Jaime Torres, et al. v. Wells Fargo Bank, et al.*** | Page | 2 of 6 |

Wells Fargo's motion for judgment on the pleadings and closed the case due to the class representative's lack of standing based on judicial estoppel because he failed to disclose the class action as an asset in a parallel bankruptcy proceeding. Ex. D to Def's RJN ("*Ray* Order") [Doc. # 27-1].

On March 22, 2012, Plaintiffs' counsel filed in Sacramento County Superior Court *Rogolski v. Wells Fargo*, another putative class action alleging similar claims as here. Ex. E to Def's RJN ("*Rogolski* Action") [Doc. # 27-1]. Like this case, the *Rogolski* Action sought to toll the statute of limitations and extend the class period to four years preceding the *Ray* Action (January 2007). *Id.*

Because Plaintiffs' counsel had filed four additional similar class actions in state court (each relating to a different classes of bank branch manager), the Superior Court on August 17, 2012 consolidated the cases, including the *Rogolski* Action, assigned number JCCP 4723 ("JCCP Action"). Ex. F to Def's RJN [Doc. # 27-1]; *see* Ex. 1 to Pls' RJN [Doc. # 28-1].

On January 16, 2013, Wells Fargo moved to strike class allegations for lack of tolling (presenting essentially the argument as in the instant MTS) and sought a ruling that the class period began in March 2008, four years preceding the *Rogolski* Action's filing. Ex 2 to Pls' RJN [Doc. # 28-2]. On February 22, 2013, the state court denied Wells Fargo's motion to strike and ruled that tolling applies to claims of the putative class members under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), because the *Ray* Order dismissed the *Ray* action for lack of standing/judicial estoppel rather than a denial of class certification. Ex. 1 to Pls' RJN [Doc. # 28-1].

In November 2016, the JCCP Action settled as to part of the class (level 1 bank branch managers employed from January 7, 2007 to January 12, 2017; and level 2 bank branch managers employed from January 7, 2007 to November 1, 2013—both of which are excluded from this putative class). FAC at ¶ 17; MTS at 11.[2] The Court in the JCCP Action appears to have never rendered any decision on class certification. *See* Opp'n at 13 [Doc. # 28]; Reply at 9–10 [Doc. # 29]. On May 19, 2017, the state court granted final approval of the JCCP Action settlement. MTS at 11. It is not clear what effect, if any, the settlement expressly has on the non-settling class members of the JCCP Action (*i.e.*, level 3–5 bank branch managers employed from January 2007 to the present). Presumably, the settlement resulted in the dismissal of the underlying action.

On July 20, 2018, Wells Fargo filed this motion. [Doc. # 27.]

---

[2] Citations to the parties' moving papers refer to the pagination assigned by the CM/ECF docketing system.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-9305-DMG (RAOx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | *Jaime Torres, et al. v. Wells Fargo Bank, et al.* | Page | 3 of 6 |

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 23(d)(1)(D) provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." "Class allegations can be stricken at the pleading stage." *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014). But "Rule 23(d)(1)(D) motions should be granted only when the complaint has obvious defects that cannot be cured through class discovery and the class certification process." *Roberts v. Wyndham Int'l, Inc.*, Nos. 12-CV-5180-PSG, 12-CV-5083-PSG, 2012 WL 6001459, at *3 (N.D. Cal. Nov. 30, 2012) (citing *In re Walmart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)).

## III.
## DISCUSSION

**A.**   *American Pipe* **and** *China Agritech*

Under *American Pipe*, "the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint. Where class-action status has been denied, . . . members of the failed class c[an] timely intervene as individual plaintiffs in the still-pending action, shorn of its class character." *China Agritech*, 138 S. Ct. at 1804. The *American Pipe* Court was careful to craft this rule somewhat narrowly, to failed class certifications for reasons of numerosity, as opposed to a lack of commonality, lack of standing of the class representative, or bad faith. 414 U.S. at 553.

Later precedent clarified that this tolling rule "is not dependent on intervening in or joining an existing suit; it applies as well to putative class members who, after denial of class certification, 'prefer to bring an individual suit rather than intervene . . . once the economies of a class action [are] no longer available.'" *Chine Agritech*, 138 S. Ct. at 1804 (omission and alteration in original) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)). Faced with this development in the case law, the *China Agritech* Court decided that "[u]pon denial of class certification, . . . a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, [cannot] commence a class action anew beyond the time allowed by the applicable statute of limitations." *Id.* Rather, the *American Pipe* tolling rule applies only to unnamed members of a failed class who seek to join in the still-pending action or file individual claims—it "does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-9305-DMG (RAOx)** | Date | August 28, 2018 |
| Title | *Jaime Torres, et al. v. Wells Fargo Bank, et al.* | Page | 4 of 6 |

The Supreme Court explained that "[t]he 'efficiency and economy of litigation' that support tolling of individual claims do not support maintenance of untimely successive class actions; any additional *class* filings should be made early on, soon after the commencement of the first action seeking class certification." *Id.* at 1806. This is because

> efficiency favors early assertion of competing class representative claims. If class treatment is appropriate, and all would-be representatives have come forward, the district court can select the best plaintiff with knowledge of the full array of potential class representatives and class counsel. And if the class mechanism is not a viable option for the claims, the decision denying certification will be made at the outset of the case, litigated once for all would-be class representatives.

*Id.* at 1807. The Supreme Court identified a second ground for the rule: "The time to file individual actions once a class action ends is finite, extended only by the time the class suit was pending; the time for filing successive class suits, if tolling were allowed, could be limitless. . . . Endless tolling of a statute of limitations is not a result envisioned by *American Pipe*." *Id.* at 1809.

Notably, in *China Agritech*, the putative class action at issue was the third of its kind. *Id.* at 1804. The previous two suits settled after denial of class certification. *Id.* at 1805. In the third case, the putative class representative had never sought lead-plaintiff status and was represented by counsel who had not appeared in the earlier actions. *Id.* When the Ninth Circuit permitted the third class action to proceed despite the statute of limitations (reversing the District Court below), it stated that

> permitting future class action named plaintiffs, who were unnamed class members in previously uncertified classes, to avail themselves of *American Pipe* tolling would advance the policy objectives that led the Supreme Court to permit tolling in the first place. The rule creates no unfair surprise to defendants because the pendency of a prior class suit has already alerted them [to the relevant claims and plaintiffs]. The rule also promotes economy of litigation by reducing incentives for filing duplicative, protective class actions.

*Resh v. China Agritech, Inc.*, 857 F.3d 994, 1004 (9th Cir. 2017).

The Supreme Court rejected this reasoning on appeal and cited approvingly decisions of other Circuits that disallowed the "stacking" of two sequential class actions to toll the statute of limitations. *E.g.*, *Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-9305-DMG (RAOx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | *Jaime Torres, et al. v. Wells Fargo Bank, et al.* | Page | 5 of 6 |

### B.    *China Agritech*'s Application

Plaintiffs base their opposition on three main arguments: (1) *res judicata* applies to bar Wells Fargo's instant MTS argument because of the reasoning in the JCCP Action's February 2013 Order; (2) *China Agritech* does not apply because no class certification decision was ever made in either the *Ray* or JCCP Actions; and (3) the differences between state and federal certification rules foreclose any concern over indefinite class certification motions.

First, Plaintiffs' *res judicata* argument fails because of the intervening change in law with the *China Agritech* decision, which issued on June 11, 2018. *See, e.g.*, *Multi-Denominational Ministry v. Gonzales*, 474 F. Supp. 2d 1133, 1143 (N.D. Cal. 2007).

Plaintiffs' second argument also fails. Although there were no previous class certification decisions in the *Ray* or JCCP Actions, *China Agritech*'s holding is not as narrow as Plaintiffs suggest. *See China Agritech*, 138 S. Ct. at 1814 (Sotomayor, J., concurring) (advocating for "a more tailored approach"—rather than the majority's "blanket no-tolling-of-class-claims-ever rule"—under which "tolling only becomes unavailable for future class claims where class certification is denied for a reason that bears on the suitability of the claims for class treatment"). Other courts to address this specific circumstance have also declined to extend *American Pipe* tolling to subsequent class actions in light of the recent Supreme Court decision. *See Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil Inc.*, No. 14 C 2032, 2018 WL 3659349, at *3–4 (N.D. Ill. Aug. 2, 2018) (decertifying successive class action under *China Agritech* even though there was no class certification decision in the previous class action, and stating that while the Supreme Court framed the "question presented" in that case as whether successive class action was permissible "upon denial of class certification," the Court also endeavored to resolve a circuit split as to "whether otherwise untimely successive class claims may be salvaged by *American Pipe* tolling" and it never expressly announced such a narrow holding); *Dormani v. Target Corp.*, No. 17-cv-4049 (JNE/SER), 2018 WL 3014126, at *2 (D. Minn. June 15, 2018) (declining to extend *American Pipe* tolling to subsequent putative class action under *China Agritech*, even though previous class action did not have a class certification ruling).

Finally, Plaintiffs arguments concerning the distinctions between federal and state certification procedures do not warrant tolling. The *China Agritech* Court was not concerned with multiple class certification motions *in the same case*, but the potentially indefinite class period that would result from successive putative class action filings by hopeful class representatives that failed to come forward diligently before the limitations period expired. *China Agritech* is binding precedent which must be applied to this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-9305-DMG (RAOx) | Date | August 28, 2018 |
| Title | *Jaime Torres, et al. v. Wells Fargo Bank, et al.* | Page | 6 of 6 |

## III.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** the MTS [Doc. # 27] and **STRIKES** from the FAC [Doc. # 23] the following allegations:

- "The statute of limitations was tolled for Plaintiffs and the proposed class with the filing of the *Raymond Ray v. Wells Fargo Bank*, Case No. BC452740 on January 7, 2011 and continued to be tolled during the Wells Fargo Bank Managers Wage And Hour Cases JCCP No. 4723 pending in the Sacramento Superior Court. Thus the period covering this lawsuit is four years from the filing of the Ray action (i..e, [sic] January 7, 2007 to the present)," FAC at ¶ 2; and

- "of the [sic] Raymond Ray v. Wells Fargo on January 7, 2011," *id.* at ¶ 17.

The latter stricken allegation shall be replaced with "of this action."

**IT IS SO ORDERED.**